## J. SHERMAN HALL *et al.*

## *v.*

## GEORGE D. LINCOLN:

1. NEW TRIAL—*verdict against the evidence.* Unless the verdict of the jury is manifestly against the evidence, it will not be disturbed. It is not sufficient, that the court would have hesitated to find such verdict, upon the evidence, to grant a new trial.

APPEAL from the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

The opinion states the case.

Messrs. HITCHCOCK & DUPEE, for the appellants.

Messrs. MONROE & McKINNON, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action brought by Lincoln against Hall and Pope, to recover a balance alleged to be due on a statement of accounts. It appears that Lincoln, a grain buyer in Madison, Wisconsin, had been in the habit of shipping his purchases to Hall and Pope, as commission Merchants in Chicago, in 1864 and the early part of 1865. One large lot of wheat was sold by them at a loss of about $2,200. Lincoln was dissatisfied, and was about withdrawing or had withdrawn, his shipments from the appellants. This they desired to avoid, as he was a large dealer, and one of the firm met him by appointment, in June 1865, for the purpose of coming to an amicable arrangement. Hooker, the clerk for the appellants, was the only witness present at that interview. He testifies positively that the appellants, or rather Pope, acting for the firm, then

agreed they would pay him $1000 of this loss, at the close of that season's business, if he would continue his shipments to them. The difficulty was thus arranged, and Lincoln continued his shipments, but at the close of the season, when the account was made up, they refused to allow the one thousand dollars. This is. the statement of the witness, who has since left the employment of the appellants, and has had a difficulty with them. No attempt was made to impeach him, and the only evidence introduced by the appellants consisted of certain letters written by Lincoln in 1865, some of which, while they clearly show that he expected them to pay him the $1000, indicate by the form of expression, that he expected them to make it for him by some successful speculation in the grain market. At the same time, he says in his letter of August 18th, he "thought the agreement was perfectly plain," and adds that he shall draw on them, on that day, for a thousand dollars.

The only ground upon which a reversal of this judgment is sought, is, that the verdict is unsupported by the evidence. But although we might have hesitated to find this verdict, it is not a case where, under the settled practice of this court, we can properly interfere to reverse the judgment. It cannot be truly said that the verdict is against the evidence or unsupported by it.

The witness, Hooker, was very clear and positive in his statement of the contract, and the jury had him before them, and could judge, from his appearance and bearing, better than we can from the record, whether he was worthy of full belief. The letters put in evidence can hardly be said to be in inconsistent with the account of the witness—certainly not to such an extent as to enable us to say the witness did not tell the truth. The issue was one of unmixed fact, and we should be going beyond any precedent in this court, and disregarding its settled rules, if we were, in this case, to reverse the judgment on the ground that the verdict was unsupported by the evidence.

*Judgment affirmed.*